# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD WALKER,<br>CDC #V-60211,<br><br>                                      Plaintiff,<br><br>vs.<br><br>G.J. GIURBINO, et al.,<br><br>                                     Defendants. | Civil No.   06-0582 BEN (NLS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

On March 17, 2006, Plaintiff, an inmate currently incarcerated at Centinela State Prison located in Imperial, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") The Court granted Plaintiff's Motion to Proceed *IFP* but simultaneously dismissed Plaintiff's Complaint for failing to state a claim upon which § 1983 relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  *See* May 31, 2006 Order at 6.

////
////

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Nita L. Stormes by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

Nonetheless, the Court granted Plaintiff forty five days to file a First Amended Complaint correcting the deficiencies of pleading identified by the Court. *Id.* On July 11, 2006, Plaintiff filed his First Amended Complaint ("FAC").

**I.     Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

As stated by the Court in its May 31, 2006 Order, notwithstanding payment of any filing fee or portion thereof, the PLRA also requires courts to review complaints filed by prisoners, and all persons proceeding IFP, and dismiss any action or complaint which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Marks v. Solcum*, 98 F.3d 494, 496 (9th Cir. 1996); *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997) ("plain language of the PLRA holds that . . . fees be assessed at the moment [of filing], regardless of whether appeal [or complaint] is later dismissed"); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("The dismissal of a complaint under § 1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)-(2).").

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As such, § 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.     Access to Courts**

In his Complaint, Plaintiff alleges that prison officials denied him access to the Courts when they denied him access to the prison law library. *See* FAC at 6. Specifically, Plaintiff claims that he suffered an "actual injury" when the § 1983 civil rights complaint he filed in *Walker v. Pierce, et al.*, E.D. Cal Civil Case No. 04-6369 was dismissed on April 25, 2006. *Id.*

Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.").

////
////
////
////

1    Plaintiff claims that his § 1983 Complaint filed in the Eastern District of California was
2 dismissed due to prison officials failure to allow him adequate access to the prison's law library.
3 In fact, the Court takes judicial notice of Plaintiff's § 1983 Complaint that he filed in the Eastern
4 District of California on October 6, 2004. *See Walker v. Pierce,* E.D. Cal. Civil Case No.
5 04cv6369.[2] This Court has reviewed the docket in that matter and finds no evidence that
6 Plaintiff's Complaint was ever dismissed. In fact, that matter remains open. Thus, Plaintiff has
7 not alleged facts sufficient to show that he has been actually injured by any specific Defendant's
8 actions. *Lewis*, 518 U.S. at 351. In short, Plaintiff has not alleged that "a complaint he prepared
9 was dismissed," or that he was "so stymied" by Defendants' actions or grievance processing that
10 "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus.
11 *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access
12 claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test
13 and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore,
14 these claims must be dismissed for failing to state a claim upon which section 1983 relief can
15 be granted.

16    **B.    Respondeat Superior**

17    Plaintiff seeks to hold Defendants Tilton, Secretary of the California Department of
18 Corrections and Rehabilitation, Giurbino, Warden of Centinela State Prison, Favila, Associate
19 Warden of Centinela State Prison, and Soukup, Associate Warden of Centinela State Prison
20 liable in their supervisory capacities. *See* Compl. at 1-2.

21    However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v.*
22 *Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be
23 individualized and focus on the duties and responsibilities of each individual defendant whose
24 acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

---

28    [2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).[3] In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against any of the named Defendants. Therefore, the Court must also sua sponte dismiss Plaintiff's respondeat superior claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with one final opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**II.    Conclusion and Order**

(1)    Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted in this

---

[3] Plaintiff is also cautioned that he must identify each Defendant by name in the body of the Complaint and allege specific factual allegations pertaining to their role in allegedly violating Plaintiff's constitutional rights.

Order, as well as the Court's February 16, 2006 Order. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS FURTHER ORDERED that:**

(2) The Clerk of the Court is directed to mail Plaintiff an approved form § 1983 Complaint.

**IT IS SO ORDERED.**

DATED: December 13, 2006

Hon. Roger T. Benitez
United States District Judge